IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| BERNARDO WHITE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CV-01-B-1004-S |
| | ) | |
| BILLY OWEN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ENTERED**
SEP 2 9 2004

## MEMORANDUM OPINION

This is a civil action filed pursuant to 42 U.S.C. § 1983 in which the plaintiff, Bernardo White, alleges that his constitutional rights were violated while he was incarcerated at the Hamilton Work Release Center in Hamilton, Alabama. The *pro se* complaint was filed on April 23, 2001. The only remaining defendants in this action are Warden Billy Owen and Sergeant Tim Holcomb.[1] The plaintiff seeks a declaratory judgment, injunctive relief, and monetary damages.

On January 2, 2002, the court entered an Order for Special Report directing that copies of the complaint in this action be forwarded to defendants Owen and Holcomb and requesting that they file a special report responding to the factual allegations of the complaint. On February 15, 2002, the defendants filed their special report attaching documents and their affidavits. By Order of April 29, 2004, the parties were notified that the special report filed by the defendants would be construed as a motion for summary judgment, and the plaintiff was notified of the provisions and consequences of Rule 56 of the *Federal Rules of Civil Procedure.* The plaintiff did not file a

---

[1] The court notes that although the plaintiff named additional defendants in this action, all of the plaintiff's claims against those defendants were dismissed pursuant to 28 U.S.C. § 1915A(b)(1). (*See* Doc. 8).

response.

## SUMMARY JUDGMENT STANDARD

In considering a motion for summary judgment, the court must determine whether the moving party is entitled to judgment as a matter of law. Summary judgment is appropriate only if there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56. In making that assessment, the Court must view the evidence in a light most favorable to the non-moving party and must draw all reasonable inferences against the moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). The burden of proof is upon the moving party to establish his prima facie entitlement to summary judgment by showing the absence of genuine issues and that he is due to prevail as a matter of law. *See Clark v. Coats & Clark, Inc.*, 929 F.2d 604 (11th Cir. 1991). Once that initial burden has been carried, however, the non-moving party may not merely rest upon his pleading, but must come forward with evidence supporting each essential element of his claim. *See Celotex*, 477 U.S. 317; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 91 S. Ct. 202, 106 L. Ed. 2d 2505 (1986); *Barfield v. Brierton*, 883 F.2d 923 (11th Cir. 1989). Unless the plaintiff, who carries the ultimate burden of proving his action, is able to show some evidence with respect to each element of his claim, all other issues of fact become immaterial and the moving party is entitled to judgment as a matter of law. *See Celotex*, 477 U.S. 317; *Bennett v. Parker*, 898 F.2d 1530 (11th Cir. 1990), *cert. denied*, 498 U.S. 1103 (1991). As the Eleventh Circuit has explained:

> Facts in dispute cease to be "material" facts when the plaintiff fails to establish a prima facie case. "In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial." Thus, under such circumstances, the public official is entitled to judgment as a matter of law, because the plaintiff has failed to carry the burden of proof. This rule

facilitates the dismissal of factually unsupported claims prior to trial.

*Bennett v. Parker*, 898 F.2d at 1532 (citation omitted).

## FACTS

Applying these standards to the evidence before the court, the following facts appear to be undisputed or, if disputed, have been taken in a light most favorable to the plaintiff. While incarcerated at the Hamilton Work Release Center, the plaintiff was assigned to work at Jim Sausage Country Mill. (Complaint, p. 3).[2] On February 14, 2001, the plaintiff was accidently cut on his left hand while at work. (Complaint, p. 3; Def. Owen's Aff., p. 1; Def. Holcomb's Aff., p. 1).[3] The plaintiff's two middle fingers were cut causing injury to the tendons. He received immediate medical attention at a clinic in Hamilton, Alabama. (Complaint, attached p. 1). Defendant Owen was at the same doctor's office on a personal visit when the plaintiff arrived. (Def. Owen's Aff., p. 1). Since the doctor knew where defendant Owen worked, he called him into the examination room where the plaintiff was located and informed defendant Owen that the plaintiff should see an orthopedic surgeon. (Def. Owen's Aff., pp. 1 & 2). The doctor asked about sending the plaintiff to Northwest Mississippi Medical Center in Tupelo, Mississippi, and defendant Owen advised the doctor that due to the plaintiff's being a work release inmate, he should be sent to a hospital in Alabama, preferably Birmingham or Tuscaloosa. (Def. Owen's Aff., p. 2). The doctor referred the plaintiff to an orthopedic surgeon at Cooper Green Hospital. (Def. Holcomb's Aff., p. 1).

The plaintiff was transported to Cooper Green Hospital for treatment by the Hamilton

---

[2] Located at document one.

[3] The affidavits are located at document twelve.

Work Release Center. (Complaint, attached p. 1; Def. Holcomb's Aff., p. 2). Surgery was performed on the plaintiff's hand at Cooper Green. Dr. Steven Pearce Roberts prescribed antibiotics and pain medication and ordered the plaintiff to refrain from working. (Complaint, attached p. 1).

The plaintiff was returned to Cooper Green for follow-up appointments on four occasions. Two weeks after he was injured, the plaintiff was examined at Cooper Green and told to return on March 14, 2001. On March 14, 2001, Dr. Roberts removed the stitches from the plaintiff's fingers, but left at least one to limit the movement in his hand. (Complaint, attached p. 1). On March 21, 2001, the plaintiff was assigned a physical therapist, Jewel Dickson, who ordered the plaintiff to attend therapy twice per week. The plaintiff explained that he was a prisoner and Ms. Dickson modified the order of therapy to once per week. The plaintiff was taken to Cooper Green for therapy on April 4, 2001. (*Id.*, attached p. 1). On that same day, Dr. Roberts ordered the plaintiff to return to Cooper Green for another therapy session on May 16, 2001.

Another inmate at the Hamilton Work Release Center named David Chad Gober also suffered an on-the-job injury which required that he be transported to the University of Alabama in Birmingham for therapy. According to the plaintiff, the defendants diligently transported inmate Gober to his therapy sessions for approximately six months. (Complaint, attached p. 2).

## DISCUSSION

**OFFICIAL CAPACITIES**

The plaintiff sued the defendants in their official capacities; however, they are employees of the State of Alabama and cannot be held liable in damages, in their official capacities, for their

own acts or those of their employees because they enjoy Eleventh Amendment immunity. Such officers are entitled to dismissal of any claims for damages brought against them in their official capacities as state officials. The United States Supreme Court has stated:

> [T]here can be no doubt, however, that suit against the State and its Board of Corrections is barred by the Eleventh Amendment, unless Alabama has consented to the filing of such a suit. *Edelman v. Jordan*, 415 U.S. 651, 94 S. Ct. 1347, 39 L. Ed. 2d 662 (1974); *Ford Motor Co. v. Dept. of Treasury*, 323 U.S. 459, 65 S. Ct. 347, 89 L. Ed. 2d 389 (1945); *Worcester County Trust Co. v. Riley*, 302 U.S. 292, 58 S. Ct. 185, 82 L. Ed. 2d 269 (1937). Respondents do not contend that Alabama has consented to this suit, and it appears that no consent could be given under Art. I, § 14, of the Alabama Constitution, which provides that "the State of Alabama shall never be made a defendant in any court of law or equity."

*Alabama v. Pugh*, 438 U.S. 781, 98 S. Ct. 3057, 57 L. Ed. 2d 1114 (1978); *see Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984). To the extent they are sued in their official capacities, the suit against the defendants is a suit against the state. There has been no consent or waiver in this action; thus, the defendants, in their official capacities, are absolutely immune from damages liability in this action.

**DENIAL OF PROPER MEDICAL TREATMENT**

In order to establish liability under § 1983 for inadequate medical treatment, a prisoner must show that a failure to provide medical treatment amounted to cruel and unusual treatment in violation of the Eighth Amendment. The United States Supreme Court has held that it is only "deliberate indifference to serious medical needs of prisoners which will give rise to a claim of cruel and unusual punishment in violation of the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976). "Medical treatment violates the Eighth Amendment only when it is 'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.'" *Harris v. Thigpen,* 941 F.2d 1495,

1505 (11th Cir. 1991), quoting *Rogers v. Evans,* 792 F.2d 1052, 1058 (11th Cir. 1986). The conduct of prison officials must run counter to evolving standards of decency or involve the unnecessary and wanton infliction of pain to be actionable under § 1983. *Bass v. Sullivan*, 550 F.2d 229 (5th Cir.), *cert. denied*, 434 U.S. 864 (1977). Mere negligence is insufficient to support a constitutional claim. *Fielder v. Bosshard*, 590 F.2d 105 (5th Cir. 1979). As stated by the *Estelle* Court, "medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106. Therefore, an accidental or inadvertent failure to provide medical care or negligent diagnosis or treatment of a medical condition does not constitute a wrong under the Eighth Amendment. *See Ramos v. Lamm*, 639 F.2d 559 (10th Cir. 1980), *cert. denied*, 450 U.S. 1041 (1981). Neither will a mere difference of an opinion between an inmate and the institution's medical staff, as to treatment and diagnosis, alone give rise to a cause of action under the Eighth Amendment. *Smart v. Villar*, 547 F.2d 112 (10th Cir. 1976); *see also Estelle*, 429 U.S. at 106-08.

In *Hamm v. DeKalb County*, 774 F.2d 1567 (11th Cir. 1985), *cert. denied*, 475 U.S. 1096 (1986), the Eleventh Circuit held that an inmate's dissatisfaction with the medical treatment provided by the prison did not constitute a violation of the Eighth Amendment as long as the treatment provided did not amount to deliberate indifference. The Eighth Amendment is implicated only when the prison doctors or guards intentionally and deliberately deny or delay access to medical attention to serious medical conditions. *Barfield*, 883 F.2d at 938. Two components must be evaluated to determine whether the plaintiff has been subjected to cruel and unusual punishment. "First, [the court] must evaluate whether there was evidence of a serious medical need; if so, [it] must consider whether [the defendants'] response to that need amounted

to deliberate indifference." *Mandel v. Doe,* 888 F.2d 783, 788 (11th Cir. 1989).

In determining what facts are undisputed, the court must begin with those specifically and expressly stated by the plaintiff. But, the process does not end there. In addition to the facts stated by the non-moving plaintiff, the court must also take into account those facts stated by the defendant which are not disputed by the plaintiff. Facts submitted by a defendant and not expressly disputed by the plaintiff cannot be ignored in the summary judgment calculus because they too exist as "undisputed" facts. As the Supreme Court explained in *Celotex*, the ultimate burden is on the plaintiff to come forward with evidence supporting each element of his claim. Because the burden of proof in the lawsuit is on the plaintiff, he may not merely rest upon conclusory or vague pleadings, but must affirmatively rebut evidentiary matters offered by the defendant which, if left undisputed, show that the plaintiff is not entitled to recover in the action.

It is undisputed that the injury to the plaintiff's hand was serious. The court must now consider whether the defendants' response to the plaintiff's serious medical need amount to deliberate indifference. The plaintiff claims that defendants Owen and Holcomb denied him proper medical attention when they failed to provide him with physical therapy as ordered by Dr. Roberts and Ms. Dickson. In their sworn and undisputed affidavits, defendants Owen and Holcomb state that because the plaintiff's injury occurred on the job and resulted in a workman's compensation claim being filed, his medical treatment was monitored through his employer and workman's compensation insurance. It is undisputed that the Hamilton Work Release Center only made transportation available to meet the plaintiff's scheduled doctor's appointments. They were not responsible for scheduling the appointments. Defendant Holcomb states in his sworn affidavit, which the plaintiff failed to dispute, that the Hamilton Work Release Center made

transportation available to meet all of the plaintiff's scheduled doctor's appointments. Defendant Holcomb states further in his sworn affidavit that the Hamilton Work Release Center maintains a yearly medical log in which all inmate medical appointments are logged. Defendant Holcomb attached a copy of the medical log as an exhibit to his affidavit. The court's review of this medical log revealed that the plaintiff was taken to Cooper Green Hospital on February 21, 2001, February 28, 2001, March 14, 2001, March 21, 2001, March 27, 2001, April 4, 2001, and May 16, 2001. Defendant Holcomb states in his affidavit that these were the only appointments that Hamilton Work Release Center was aware of and that, to the best of his knowledge, the plaintiff was transported to every appointment scheduled. The plaintiff failed to dispute the information contained in the medical log. In fact, the plaintiff admits in his complaint that he was taken to Cooper Green for follow-up visits on four occasions. The plaintiff admits that two weeks after he was injured, he was examined at Cooper Green and told to return on March 14, 2001. He states that he was taken to Cooper Green on March 14, 2001, and that Dr. Roberts removed the stitches from his fingers on that date. He admits that while at Cooper Green on March 21, 2001, he was assigned a physical therapist, Jewel Dickson. He admits that he was taken to Cooper Green for therapy on April 4, 2001. Further, the undisputed medical log indicates specifically that the plaintiff's March 27, 2001, appointment was for physical therapy. Defendants have submitted as evidence a medical bill from Cooper Green Hospital dated March 27, 2001, which indicates that the plaintiff received physical therapy on at least three occasions during his return visits to Dr. Roberts. The plaintiff does not dispute that medical bill nor does he dispute any of the statements made by defendants Owen and Holcomb.

    It is clear from the evidence presented that the plaintiff was not denied proper medical

treatment. The undisputed evidence shows that the plaintiff was transported to physical therapy sessions by the Hamilton Work Release Center personnel. The undisputed facts establish that the defendants were not deliberately indifferent to the plaintiff's medical needs. The defendants are, therefore, entitled to summary judgment.

**EQUAL PROTECTION**

The plaintiff next claims that another inmate at the Hamilton Work Release Center named David Chad Gober also suffered an on-the-job injury which required that he be transported to the University of Alabama in Birmingham for therapy. He claims that the defendants diligently transported inmate Gober to his therapy sessions for approximately six months thereby providing sufficient and adequate medical attention to Inmate Gober. The plaintiff claims that defendants Owen and Holcomb discriminated against him when they provided sufficient and adequate medical attention to Inmate Gober while denying the plaintiff adequate medical attention by refusing to transport him to physical therapy sessions.

The plaintiff's generalized claim of discrimination does not state a claim in violation of the equal protection clause of the Constitution. In *Oyler v. Boles*, 368 U.S. 448, 456, 82 S. Ct. 501, 7 L. Ed. 2d 446 (1962), the United States Supreme Court indicated that to show a constitutional violation there must be a showing of selection deliberately "based upon an unjustifiable standard such as race, religion or other arbitrary classification." The mere allegation that Inmate Gober was transported to physical therapy sessions while the plaintiff was not does not show any deliberate action against the plaintiff by defendants based upon an unjustifiable standard. Defendants Owen and Holcomb are entitled to summary judgment on this claim.[4]

---

[4] This is particularly true because, as noted already herein, the record reveals that the plaintiff did receive treatment on a number of occasions.

9

**FORCED TO RETURN TO WORK**

The plaintiff's final claim is that defendant Holcomb forced him to return to work prior to the plaintiff's doctor giving him permission to return to work. The defendants have submitted a statement signed by a doctor at Cooper Green Hospital dated February 21, 2001, which states that the patient (the plaintiff) is able to return to work/school at a restricted capacity. The limitations on the plaintiff were as follows: right hand duty only for at least six weeks. The plaintiff does not allege in his complaint that defendant Holcomb forced him to return to work prior to February 21, 2001, nor does he dispute the doctor's statement submitted by the defendants. The plaintiff has failed to offer any evidence to support his claim that defendant Holcomb forced him to return to work prior to his doctor granting him permission to return to work.

The plaintiff's claim is due to be dismissed because his allegation is vague and conclusory, *Fullman v. Graddick*, 739 F.2d 553 (11th Cir. 1984), and without factual basis, *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976). The defendant is entitled to summary judgment on this claim.

## CONCLUSION

The Court expressly finds that there are no genuine issues of material fact and that the defendants are entitled to judgment as a matter of law. Accordingly, defendants' motion for summary judgment is due to be granted and this action is due to be dismissed with prejudice. A Final Judgment will be entered.

DATED, this the 29th day of September, 2004.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
UNITED STATES DISTRICT JUDGE